UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN P. DAVIDSON,<br><br>        Plaintiff,<br><br>    v.<br><br>T. CHAVEZ, et al.,<br><br>        Defendants. | 1:18-cv-00722-DAD-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS ON DEFENDANTS' MOTION TO DIMISS**<br><br>(Doc. 16)<br><br>14-DAY DEADLINE |

**I.    INTRODUCTION**

Plaintiff Ryan P. Davidson is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. Plaintiff alleges civil rights violations pursuant to the Religious Land Use and Institutionalized Persons Act (RLUIPA) and under 42 U.S.C. § 1983 and the First Amendment. On August 21, 2019, Defendants filed a motion to dismiss Plaintiff's RLUIPA claims. (Doc. 16). Defendants motion should be GRANTED because Plaintiff's RLUIPA claims for injunctive relief are moot, and his RLUIPA claims for monetary relief are barred.

**II.    DISCUSSION**

On November 20, 2018, the Court screened Plaintiff's complaint and found that Plaintiff stated cognizable claims under 42 U.S.C. § 1983 and the First Amendment, as well under the RLUIPA, against Defendants Chavez, Cates, and Voong, but that Plaintiff had failed to state cognizable claims against any other defendants. (Doc. 9.) In his complaint, Plaintiff contends that

1  Defendants violated his religious rights by denying him a kosher diet while he was incarcerated at
2  the California Correctional Institution (CCI) in Tehachapi, California. (Doc. 1.) On May 21,
3  2019, the assigned District Judge issued an order allowing this action to proceed on Plaintiff's
4  First Amendment and RLUIPA claims against the defendants named above, but dismissing all
5  other claims and defendants. (Doc. 12.)

On August 21, 2019, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 16). The defendants contend that Plaintiff's claims for injunctive relief under the RLUIPA are moot because Plaintiff was transferred from CCI, where the alleged violations took place, to another facility. (Doc. 16-1 at 3.) Plaintiff did not file an opposition or a statement of non-opposition to Defendants' motion within the 21 days allowed by Local Rules. *See* Local Rule 230(l). The Court deems the motion submitted.

The Court finds that Defendants' motion to dismiss on the grounds of mootness should have been brought under Rule 12(b)(1), since it invokes the Court's subject-matter jurisdiction and the limits of its jurisdiction under Article III of the U.S. Constitution. *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 79, (2013); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). The Court thus construes Defendants' motion as brought under Rule 12(b)(1).

In his complaint, Plaintiff requests injunctive relief, compensatory damages, and punitive damages. (Doc. 1 at 13.) His sole request for injunctive relief is a demand that Defendants provide him a kosher diet. (*Id.*). Since filing his complaint, Plaintiff has been transferred from CCI, and he is currently housed at the California Institution for Men in Chino, California.[1] Because Plaintiff is no longer housed at the facility at which Defendants allegedly denied him a kosher diet, Plaintiff's claim for injunctive relief is moot. *See Shilling v. Crawford*, 377 F. App'x 702, 704 (9th Cir. 2010); *Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir. 1986). Thus, Plaintiff's claim for injunctive relief should be dismissed.

To the extent that Plaintiff's claims for monetary relief are brought pursuant to the RLUIPA, these claims should also be dismissed. Monetary damages are not available under the

---

[1] *See* CDCR Inmate Locator (October 21, 2019), https://inmatelocator.cdcr.ca.gov/Details.aspx?ID=AR9463. The Court takes judicial notice of this information, which is available to the public. *See United States v. Basher*, 629 F.3d 1161, 1165, n.2 (9th Cir. 2011) (citations omitted).

RLUIPA against state officials either in their official capacities or in their individual capacities. *Sossamon v. Texas*, 563 U.S. 277, 288 (2011) (holding that RLUIPA does not abrogate state's sovereign immunity); *Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014) (holding that RLUIPA only allows suits against officials in their governmental or official capacities). Since Plaintiff's claims for injunctive relief are moot, and his RLUIPA claims for monetary relief are barred, all of Plaintiff's RLUIPA claims should be dismissed.

The only claims remaining are Plaintiff's claims for monetary relief under Section 1983 and the First Amendment. The defendants do not raise these claims in their motion to dismiss, and the Court need not address them here.

### III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss Plaintiff's RLUIPA claims, (Doc. 16), be GRANTED; and

2. Plaintiff's claims under the RLUIPA against Defendants Chavez, Cates, and Voong be DISMISSED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 22, 2019**          /s/ *Sheila K. Oberto*
                                     UNITED STATES MAGISTRATE JUDGE