UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN P. DAVIDSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>T. CHAVEZ, et al.,<br><br>　　　　　Defendants. | Case No. 1:18-cv-00722-DAD-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO PROSECUTE**<br><br>14-DAY DEADLINE |

　　　　Plaintiff Ryan P. Davidson is proceeding *pro se* and *in forma pauperis* in this civil rights action. On May 30, 2018, the Court issued an informational order providing Plaintiff with requirements to pursue this action, including the requirement to keep the Court informed of his current address. (Doc. 3.) The order provided that, if mail directed to Plaintiff is returned by the United States Postal Service (USPS) as undeliverable, and Plaintiff's address is not updated within 63 days, the Court will dismiss this action for failure to prosecute. (*Id.* at 5.)

　　　　On November 4, 2019, the USPS returned the Court's Findings and Recommendations (Doc. 18) as undeliverable. Although more than the allowed time passed, Plaintiff has failed to update his address. Therefore, on January 14, 2020, the Court issued an order to show cause, within 21 days, why this action should not be dismissed for Plaintiff's failure to prosecute. (Doc. 19.) The USPS again returned the order as undeliverable. More than 21 days since the filing of the order to show cause have passed, and Plaintiff has not responded to the order.

A *pro se* plaintiff must keep the Court and opposing parties informed of her correct address. Local Rules 182(f), 183(b). If a party moves without filing and serving a notice of change of address, documents served at the party's old address of record shall be deemed received even if not actually received. Local Rule 182(f). If mail directed to a *pro se* plaintiff at her address of record is returned by the USPS, and the plaintiff fails to notify the Court of her current address within 63 days thereafter, the Court may dismiss the action for failure to prosecute. Local Rule 183(b).

In addition, the Local Rules provide, "[f]ailure … of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

It appears that Plaintiff has abandoned this action. Whether Plaintiff has done so mistakenly or intentionally is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders and the Local Rules, which require Plaintiff to keep his address of record updated. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

Accordingly, the Court RECOMMENDS that this action be DISMISSED for Plaintiff's failure to prosecute. These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time

may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**February 10, 2020**__            /s/ *Sheila K. Oberto* 
                                                         UNITED STATES MAGISTRATE JUDGE